UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-0518-SVW (AS) | Date | June 2, 2020 |
|---|---|---|---|
| Title | Juan Molina v. Ralph Diaz, et. al., | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE LACK OF PROSECUTION**

On December 20, 2019, Plaintiff, an inmate at Ironwood State Prison in Blythe, California, proceeding pro se, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). Plaintiff filed the Complaint in the United States District Court for the Northern District of California, which transferred the action to this Court on March 11, 2020, because it concerns alleged incidents at Ironwood, which is located in this District. (Dkt. No. 9). On April 17, 2020, the Court issued an order dismissing Plaintiff's Complaint with leave to amend. (Dkt. No. 14). Plaintiff was directed to "file a First Amended Complaint no later than 30 days from the date of th[e] Order." (Id. at 23). Plaintiff was "explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described [in the Order], may result in a recommendation that this action, or portions thereof, be dismissed with prejudice for failure to prosecute and/or failure to comply with court orders." (Id. at 24).

To date, Plaintiff has failed to file a First Amended Complaint. On April 20, 2020, Plaintiff filed an "Objection to Venue," which the Court construed as a motion for transfer of venue pursuant to 28 U.S.C. § 1404(a). ("Motion to Transfer," Dkt. No. 15). Plaintiff sought to transfer this action back to the Northern District of California. On April 21, 2020, the Court denied the Motion to Transfer because Plaintiff failed to demonstrate any basis for this action to be transferred to the Northern District of California. (Dkt. No. 16). On May 19, 2020, Plaintiff filed a Notice of Appeal regarding the Court's Order denying the Motion to Transfer. (Dkt. No. 17). However, an order denying a motion to transfer venue is not immediately appealable. See Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 951

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-0518-SVW (AS) | Date | June 2, 2020 |
|---|---|---|---|
| Title | Juan Molina v. Ralph Diaz, et. al., | | |

(9th Cir. 1968) (holding that an order transferring an action either pursuant to 28 U.S.C. section 1404(a) for convenience or pursuant to section 1406(a) to correct improper venue, is a non-appealable interlocutory order); Techshell, Inc. v. Incase Designs Corp., 2012 WL 692295, *3 (N.D. Cal. Mar. 2, 2012) ("An order granting or denying a motion to transfer venue under 28 U.S.C. section 1404(a) is interlocutory in character and not immediately appealable.") (citing 15 C. Wright & A. Miller et al., Federal Practice and Procedure § 3855 (3d ed. 2011)). As such, Plaintiff's Notice of Appeal does not divest this Court of jurisdiction over this action, and existing deadlines remain in effect. See Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply."); Ruby v. Sec'y of the U.S. Navy, 365 F.2d 385, 389 (9th Cir. 1966) ("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction."). In other words, Plaintiff's Notice of Appeal did nothing to change the fact that Plaintiff's First Amended Complaint was due within 30 days of April 17, 2020.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, in writing, no later than **July 2, 2020**, why this action should not be dismissed with prejudice for failure to prosecute. This Order will be discharged upon the filing of a First Amended Complaint that cures the deficiencies in the last pleading or upon the filing of a declaration under penalty of perjury stating why Plaintiff is unable to file a First Amended Complaint. A copy of the Court's April 17, 2020 Order is attached for Plaintiff's convenience.

If Plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). A notice of dismissal form is attached for Plaintiff's convenience. Plaintiff is warned that a failure to timely respond to this Order will result in a recommendation that this action be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey court orders.

cc: Stephen V. Wilson
    United States District Judge