UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JUAN MOLINA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>E. NUNEZ and J. ZERMENO,<br><br>　　　　　Defendants. | Case No. EDCV 20-00518-SVW (AS)<br><br>**ORDER ACCEPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMNEDATIONS OF**<br>**UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Fifth Amended Complaint, all of the records herein, and the Report and Recommendation of a United States Magistrate Judge (Dkt. No. 122, the "Report"), Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Dkt. No. 123, "Objections"), and Defendants' Reply to Plaintiff's Objections (Dkt. No. 124. "Reply"). Pursuant to 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the Court has conducted a *de novo* review of those portions of the Report to which Objections were directed. Having completed

its review, the Court accepts the findings and recommendations set forth in the Report.

In his objections, Plaintiff contends that the Report failed to state that a Rules Violation Report issued to him after two cell phones that were found during a search of his cell on January 23, 2020, was dismissed after a senior hearing officer found Plaintiff not guilty. (Objections at 2). However, the Report clearly includes this information by stating that Plaintiff was "later found not guilty" of the disciplinary rules violation issued as a result of two cell phones found in Plaintiff's cell "apparently because there was no evidence of wrongdoing." (Report at 12).

The Report recommended that Plaintiff's equal protection claim be denied because Plaintiff failed to "come forward with admissible evidence demonstrating Defendant's discriminatory intent." (Report at 17-18). In his objections, Plaintiff contends that he is unable to provide documentary or other supporting evidence of a genuine issue of material fact as to Defendant Nunez' violation of his right to equal protection due the "confidentiality and exposure of investigative tactics and techniques." (Objections at 3). However, as Defendants point out, Plaintiff was represented by counsel during a period of time when he served discovery requests to, and received responses from, Defendants and failed to meet and confer or move to compel further discovery responses. (Reply at 2-3). Therefore, Defendants contend that "Plaintiff cannot argue a lack of access to documentary evidence if he did not actively participate in the discovery process. (Id., at 3). Accordingly,

the Court agrees with Judge Sagar's finding that Plaintiff "has failed to present sufficient evidence of an equal protection violation to survive summary judgment." (Report at 18).

The Report found that Plaintiff had not established a genuine issue of material fact as to whether Defendant Nunez violated Plaintiff's Eighth Amendment right to be free from excessive force and deliberate indifference to a substantial risk of serious harm during a search on January 23, 2020, during which Plaintiff was forced to drink coffee to induce defecation despite being told about his chronic ulcer condition. (Report at 18-25). In particular, the Report found that Plaintiff did not show that Defendant Nunez subjectively knew that drinking coffee on this one occasion would be likely to cause severe harm to Plaintiff, and noted that coffee is used to induce defecation and to reduce the time needed for the contraband surveillance watch, and that Nunez had stated, in his declaration, that he was unaware of any serious risk of harm posed to Plaintiff during the search procedures. (Report at 24). The Report also found, additionally and alternatively, that Nunez was entitled to qualified immunity because "reasonable officials in Defendant's position could have reasonably believed that his actions did not violate Plaintiff's constitutional rights" . . . including being ordered to drink coffee despite chronic ulcers. (Report at 27). In his objections, Plaintiff contends that his Eighth Amendment rights were violated because Defendant Nunez' decision to have him drink coffee after being informed that Plaintiff had ulcers was a "personal" decision that disqualifies Nunez from qualified immunity protections.

1 (Objections at 4). The Court agrees with Judge Sagar's finding,
2 set forth in the Report, that Plaintiff's asserted Eighth Amendment
3 violation, without any supporting evidence, fails to establish a
4 genuine issue of material fact to survive summary judgment on this
5 claim.

7 The Report found that Plaintiff had not established a genuine
8 issue of material fact as to whether Defendants Zermano and Nunez
9 violated Plaintiff's Due Process rights by assertedly providing
10 false evidence in connection with Plaintiff's 2019 disciplinary
11 matter. (Report at 31-34). In particular, the Report noted that
12 the disciplinary proceedings satisfied due process in all respects
13 and Plaintiff's assertions regarding the falsified evidence was
14 not supported by any credible facts. (Report at 32). Plaintiff
15 fails to challenge the adequacy of these findings with any
16 supporting evidence but claims, for the first time, that the
17 granting of an inmate grievance "further [demonstrates] that
18 Plaintiff's due process was indeed violated by Defendants[.]"
19 (Objections at 5). However, as Defendants point out, in their
20 Reply, Plaintiff raised this issue for the first time in his
21 objections to the Report, and failed to provide any details
22 regarding the grievance at issue. (Reply at 3). Defendants further
23 state that to the extent Plaintiff is referring to a grievance he
24 submitted in which he challenged a rule violation report based on
25 stale and unrelated confidential information, the Senior Hearing
26 Officer found Plaintiff guilty by a preponderance of the evidence,
27 partially granted the grievance by reinstating Plaintiff's canteen
28 privileges, and did not make any finding that Defendant Nunez

4

drafted a false memorandum. (Id.). Accordingly, the Court agrees with Judge Sagar's finding, set forth in the Report, that Plaintiff failed to establish a genuine dispute of material fact as to whether Defendants violated his constitutional right to due process.

In sum, Plaintiff's Objections do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

**IT IS ORDERED** that (1) Defendants' motion for summary judgment is GRANTED; and (2) Plaintiff's Fifth Amended Complaint is DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Magistrate Judge's Report and Recommendation on Plaintiff.

DATED: July 30, 2025

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE